**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03408-CMA-KMT

CHARLOTTE TIMMONS,

      Plaintiff,

v.

LOCKHEED MARTIN CORP.,

      Defendant.

---

**PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order.  The Court has reviewed that Motion.  The Motion is meritorious and acceptable.  Therefore, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.    The Parties agree that there shall be two tiers of confidentiality, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1), and that contains (a) personnel information concerning current and former employees of Lockheed Martin Corporation to the extent that such information implicates privacy interests and is not generally known to the public; (b) proprietary business information of the Defendant; (c) information containing industry trade secrets; and (d) information relating to Plaintiff concerning personal and confidential matters not generally known to the public, such as, but not limited to, income information, medical information, and information regarding contacting prospective employers.

Documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be first reviewed by a lawyer who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1).  Parties and attorneys designating documents as "Confidential" and/or "Highly Confidential – Attorney's Eyes Only" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(B)(2) & (3).

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties, including designated representatives for Defendant;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)      deponents, witnesses, or potential witnesses; and

(h)      other persons by written agreement of the parties.

5.      HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY documents, materials, and/or information (collectively "HIGHLY CONFIDENTIAL information") shall be maintained by the party receiving the document (the "nonproducing party") in strictest confidence at all times.   Any such document(s) shall not be disclosed or used by the nonproducing party except for the purposes of the

3

above-identified litigation.  Notwithstanding the preceding, such confidentiality shall not apply to any document marked as Highly Confidential – Attorney's Eyes Only if the producing party obtains a determination by this Court that the document is not confidential and does not contain Highly Confidential – Attorney's Eyes Only information.  The producing party shall file a motion for determination of either designation within five days of receiving written objection from the non-producing party, or remove such designation.

6.      Access to any document marked "Highly Confidential – Attorney's Eyes Only" received by the nonproducing party shall be restricted to the following persons:

(a)     attorneys actively working on the case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the  parties, including designated representatives for Plaintiff;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to

4

the document is necessary in legitimate discovery or trial purposes, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(h)      other persons by written agreement of all the parties.

7.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A.  All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.      Documents are designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

9.      In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY in a written communication or in an electronic mail message to the non-producing party.

10.     Any party who inadvertently fails to identify documents or information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.   Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11.     Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.   The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

12.     Any pleadings, exhibits or filings which contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information, or testimony designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, shall be filed with the Court in accordance with D.C.COLO.LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado."  A party seeking to file with the Court any Confidential material that has been designated by the other party may request that the designating party provide the information required by D.C.COLO.LCivR 7.2(B) by notifying counsel for the designating party in writing at least

ten (10) business days before the filing is to occur.  If such a request is made, counsel

for the designating party shall, within five (5) business days, respond in writing providing

the information required by D.C.COLO.LCivR 7.2(B).  If no such timely request is made,

the party seeking to file the Confidential materials must in good faith provide the

information required by D.C.COLO.LCivR 7.2(B).  Prior to disclosure at trial or a hearing

regarding CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY information, the parties may seek further protections against public disclosure

from the Court.

13.     Whenever a deposition involves the disclosure of CONFIDENTIAL and/or

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information, the portions

thereof that involve the disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL

– ATTORNEY'S EYES ONLY information shall be designated as CONFIDENTIAL

and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY and shall be subject to

the provisions of this Protective Order.  Such designation shall be made on the record

during the deposition whenever possible, but a party may designate portions of

depositions as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S

EYES ONLY after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of

the completion of the transcript.  Transcript pages containing CONFIDENTIAL and/or

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information must be separately

bound by the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as

instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

14.     A party may object to the designation of particular CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.   If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.   If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY and shall not thereafter be treated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY in accordance with this Protective Order.   In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY.

15.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be returned to the party that designated it CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or the parties may elect to destroy CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY documents; provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents. Where the parties agree to destroy CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

16.    Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

17.    This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 30th day of August, 2012.

BY THE COURT:

_____
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03408-CMA-KMT

CHARLOTTE TIMMONS,

      Plaintiff,

v.

LOCKHEED MARTIN CORP.,

      Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

I, _____ the undersigned, hereby declare that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.


Executed on _____      _____
          (Date)                               (Signature)