**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-03408-CMA-KMT

CHARLOTTE TIMMONS,

    Plaintiff,

v.

LOCKHEED MARTIN CORP.,

    Defendant.

---

**ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR
ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927**

---

This matter is before the Court on Defendant's Motion for Attorneys' Fees. (Doc. # 37.) For the following reasons, the Court grants in part and denies in part the motion.

## I. BACKGROUND

Plaintiff Charlotte Timmons filed the complaint that initiated this litigation on December 20, 2011, in which she advanced two claims. First, Ms. Timmons alleged Defendant Lockheed Martin terminated her employment because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"). (Doc. # 1.) Second, she alleged that Lockheed retaliated against her for complaining about age discrimination, also in violation of the ADEA. (*Id.*) Lockheed moved for summary judgment on December 7, 2012 (Doc. # 20), and Ms. Timmons filed her first response on January 3, 2013 (Doc. # 21). Due to multiple errors in that response, it was stricken. (Doc. # 28).

Ms. Timmons filed her amended response on January 21, 2013.  (Doc. # 29). In this filing, she failed to address Lockheed's arguments attacking her discrimination claim and only responded to argument related to her retaliation claim.

On June 7, 2013, this Court issued an order deeming Ms. Timmons' discrimination claim abandoned and granting Lockheed's motion for summary judgmenton her retaliation claim.  (Doc. # 35.)  In granting summary judgment, the Court observed the "egregious substantive and non-substantive failings of the response" filed by Ms. Timmons' attorney, Mr. Keiffer.  (*Id.* at 6.)  The analysis section of that response was "devoid of citations to **any** legal authority," and only two cases cited elsewhere in the response even arguably supported Ms. Timmons' claims.  (*Id.* (emphasis in original).)  Along with the dearth of legal argument, the response included an incomplete sentence on its first page, a five-paragraph quotation from an inapposite case, and a quotation from a headnote from another inapposite case.  (*Id.* at 7.)  The Court admonished Mr. Keiffer for "failing to provide any meaningful legal analysis and argument" in its response to Lockheed's summary judgment motion and for filing "one of the most shoddily drafted" pleadings it had ever seen.  (*Id.* at 7 n.4.)  The magnitude of Mr. Keiffer's poor lawyering compelled the Court to provide Lockheed with an opportunity to move for sanctions.  (*Id.* at 13.)

Lockheed filed the instant Motion for Attorneys' Fees on June 20, 2013, (Doc. # 37), Ms. Timmons responded on June 28, 2013, (Doc. # 38), and Lockheed replied on July 2, 2013, (Doc. # 39).  On October 3, 2013, the Court directed the parties to brief simultaneously whether attorneys' fees should be awarded under 28 U.S.C. § 1927.  (Doc. # 40.)  Both parties submitted their briefs on October 23, 2013.  (Doc. ## 41, 42.)

## II. DISCUSSION

Normally, prevailing litigants in American courts may not collect attorneys' fees from their opponents. See *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1980). This so-called "American Rule" is "deeply rooted in our history and congressional policy," *id.* at 271, and is meant to avoid unnecessarily deterring parties from attempting to vindicate their rights in a judicial forum. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967).

Lockheed argues that this case falls within two exceptions to the rule. (*See* Doc. ## 37, 42.) Under the first exception, which is authorized by statute, courts may assess fees for "the excess costs, expenses, and attorneys' fees reasonably incurred" against attorneys who have "multiplie[d] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Under the second exception, courts may exercise their inherent authority to assess fees against litigants who have acted in bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The Court considers the applicability of these two exceptions in turn and then considers the proper amount to award.

### A.   AWARDING ATTORNEYS' FEES UNDER 28 U.S.C. § 1927

A § 1927 sanction may be appropriate when attorneys act in an "objectively unreasonable" manner. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). In exercising that judgment, attorneys should "regularly re-evaluate the merits of their claims and . . . avoid prolonging meritless claims." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006) (citations omitted). Regardless of an attorney's subjective intentions, it is objectively unreasonable to continue asserting

3

claims that have no factual or legal basis and thus reasonably should have been dismissed voluntarily.  *Id.*

Only a "serious and standard disregard for the orderly process of justice" warrants a § 1927 sanction.  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).  Still, when appropriate, § 1927 provides an "essential tool to protect both litigants and the ability of the federal courts to decide cases expeditiously and fairly." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (*en banc*).  When imposing a § 1927 sanction is appropriate, the Court must identify specifically the attorney's sanctionable conduct and the resulting expenses borne by Defendant, and it must explain the reasons for imposing sanctions sufficiently to facilitate appellate review. *Hamilton*, 519 F.3d at 1204.

In this case, it was "objectively unreasonable" for Mr. Keiffer to continue pressing the retaliation claim after Lockheed filed its Motion for Summary Judgment. Ms. Timmons lacked direct evidence that Lockheed acted with a retaliatory motive, and so she had to establish a *prima facie* case of retaliation through reliance on indirect evidence. *See, e.g.*, *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201 (10th Cir. 2008).  One necessary element of Ms. Timmons *prima facie* case was that she engaged in conduct protected under the ADEA.

"[T]o qualify as protected opposition the [plaintiff] must convey to the employer his or her concern that the employer engaged in a practice made unlawful by the ADEA."  *Id.* Upon receiving Lockheed's summary judgment motion, Mr. Keiffer should have known that Ms. Timmons had no evidence that she had engaged in protected conduct.  There was simply no evidence that she opposed any conduct prohibited by the ADEA prior to her

4

termination. Ms. Timmons' deposition revealed that she complained about another employee's promotion over her and the low performance ratings she received. (Doc. # 29 at 16.) She also complained that her supervisor harassed her, created a hostile environment, and made her life difficult. But all of these allegations lacked the key ingredient for Ms. Timmons' retaliation claim: some communication to Lockheed that she thought Lockheed had engaged in conduct prohibited by the ADEA. (Doc. # 20-1 at 9.) Thus, even if Lockheed fired Ms. Timmons because of her complaints, it did not constitute retaliation proscribed by the ADEA. *Cf. Hinds*, 523 F.3d at 1203 (holding that "[g]eneral complaints about management and one's own negative performance evaluation" do not constitute protected conduct under the ADEA.).

In fact, when asked in her deposition, Ms. Timmons recalled only a single instance of possible ageist comments. (Doc. # 20-1 at 12.) Three and a half years earlier, she had overheard another employee, whose name she could not recall, say that he felt like his age had something to do with him losing his job. She did not do anything to oppose that possible discrimination (*id.*), did not recall hearing any other ageist remarks while employed by Lockheed (*id.*), and conceded that the only time she actually complained of age discrimination was after her termination. (Doc. # 29, at 7.) Therefore, Mr. Keiffer had no factual basis to continue pursuing Ms. Timmons' retaliation claim.

Mr. Keiffer's argument that the response he filed contained a cognizable legal argument is unpersuasive. According to Mr. Keiffer, he attempted to persuade the Court to extend case law from other jurisdictions where "filing an ethical complaint was protected" conduct. (Doc. # 41 at 4.) Apparently, if the law were so extended,

Ms. Timmons' ethics complaints—which Mr. Keiffer attempted to cast as "protected free speech"—would qualify as protected conduct even though they were unrelated to age discrimination. (*See* Doc. # 29 at 19.) Even a brief reading of the cases cited by Mr. Keiffer reveals that this argument lacked any legal basis.

In particular Mr. Keiffer cited *Thomas v. Ragland*, 324 F. Supp. 2d 950 (W.D. Wis. 2004), which involved a city employee's allegations that her supervisor and municipality employer retaliated against her in violation of Title VII and the First Amendment. (Doc. # 29 at 3.) There, the court distinguished conduct that is protected by the First Amendment because it occurred in the "public employment context" from the "more limited" scope of protected activity under Title VII. *See id.* at 967. Title VII, the court stated, prohibits employers from retaliating against employees who have opposed discriminatory practices "'made unlawful under this subchapter.'" *Id.* at 971 (quoting 42 U.S.C. § 2000e-3(a)). Here, Ms. Timmons was not a public employee and did not allege that she opposed discriminatory practices prohibited by Title VII. The *Thomas* court did not mention the ADEA or age discrimination. Therefore, it would have been readily apparent to a reasonable attorney who read *Thomas* that it had no relevance to Ms. Timmons' ADEA retaliation claim.

Mr. Keiffer also cited the Tenth Circuit's opinion in *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1122-23 (10th Cir. 2007), for the proposition that, under Title VII and the ADEA, "opposition to a discriminatory practice" is protected conduct. (Doc. # 29 at 3.) The relevant passage in *Timmerman* cites Title VII and the ADEA, each of which describes protected conduct as opposing employment practices made unlawful by its respective subchapter. *See Timmerman*, 483 F.3d at 1122; *see also* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). The *Timmerman* plaintiff's conduct was protected because it involved filing a lawsuit alleging "sex **and** age discrimination." *Timmerman*, 483 F.3d at 1123 (emphasis

6

added).  Thus, reading *Timmerman* would lead the reasonable attorney to understand that "discriminatory conduct" means conduct prohibited by the relevant statute.  But, as emphasized above, Ms. Timmons had no evidence that she opposed conduct prohibited by the ADEA.

In sum, Mr. Keiffer's bare references to *Thomas* and *Timmerman*, with no comprehensible supporting legal argument, did not form a legal basis for him to continue pressing Ms. Timmons' ADEA retaliation claim.  As a result, the Court concludes that Mr. Keiffer acted in an objectively unreasonable manner meriting a § 1927 sanction.  Lacking any factual or legal basis, it would have been "reasonable and responsible" for him voluntarily to dismiss Ms. Timmons' retaliation claim.  *Steinert*, 440 F.3d at 1224.  He could have abandoned the retaliation claim, as he did by failing to address Lockheed's challenges to Ms. Timmons' discrimination claim.  (*See* Doc. # 29.)  However, by continuing to press the retaliation claim, Mr. Keiffer demonstrated a "serious and standard disregard for the orderly process of justice."  *Miera*, 143 F.3d at 1342.  Because he "unreasonably and vexatiously multipl[ied] the proceedings" related to that claim, he must bear Lockheed's corresponding attorneys' fees under § 1927.

**B.     AWARDING ATTORNEYS' FEES UNDER THE COURT'S INHERENT POWER**

The "bad faith" exception to the American Rule exists for cases in which "the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska*, 421 U.S. at 258 (citations and quotation marks omitted).  In those cases, courts may exercise their "inherent power" to award fees in order to vindicate judicial authority and compensate the prevailing party for expenses caused by the opponent's obstinacy.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (citation omitted).

The "bad faith" exception extends to prevailing defendants in Age Discrimination in Employment Act ("ADEA") cases. *See, e.g.*, *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1238 (10th Cir. 1999).

But this "exceedingly narrow" exception applies only when there is "clear evidence" that the losing party's claim was (1) "entirely without color" and (2) "asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (citations and quotation marks omitted). This "requires more than a weak or legally inadequate case." *Id.* (quotation marks and citation omitted). "Whether the bad faith exception applies turns on the party's subjective bad faith." *Id.* (citation omitted). This "high bar" ensures that "'those with colorable, albeit novel, legal claims [are not] deterred from testing those claims in federal court.'" *Mountain W. Mines*, 470 F.3d at 954 (quoting *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984)).

In unusual cases, an extraordinarily meritless claim may satisfy the "subjective bad faith" requirement. *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1437 (10th Cir. 1984). A claim that is "patently frivolous and that, like fraud, is also opprobrious by nature and designed to cause embarrassment and humiliation" may raise an inference of subjective bad faith. *Id.* at 1437. But even claims that "stretch[ ] the bounds of reason" fall short of this standard. *Mountain W. Mines*, 470 F.3d at 954. In *Mountain West Mines*, for example, the plaintiff claimed that it "was owed royalty payments on land it ha[d] never owned by companies with which it ha[d] never entered into a contract or agreement." *Id.* Although the district court found the claims "astound[ing]," the Tenth Circuit concluded that they were not "so frivolous as to reflect

8

impermissible conduct" for purposes of allowing the district court to exercise its inherent authority and impose an attorney's fees sanction. *Id.* (citations and quotation marks omitted).

In this case, even if Ms. Timmons had no "meaningful or admissible evidence" to support her claims, as Lockheed argues (Doc. # 37 at 1), this does not establish subjective bad faith. *See Kuykendall*, 466 F.3d at 1152. Lockheed has offered no evidence that Ms. Timmons acted with subjective bad faith. An ADEA claim by a disgruntled former employee who was 62 years old when terminated does not "stretch the bounds of reason," much less raise an inference of impermissible conduct. *See Mountain W. Mines*, 470 F.3d at 954. Though ultimately meritless, Ms. Timmons' claims do not evince "subjective bad faith." Therefore, she is not liable for any fees Lockheed incurred in this litigation.

### C.  PROPER AMOUNT OF FEE AWARD

Having concluded that Lockheed is entitled to an award of attorneys' fees from Mr. Keiffer under § 1927, the Court now turns to deciding the appropriate amount of that award. Section 1927 entitles Lockheed to recover only attorneys' fees incurred because Mr. Keiffer unreasonably **continued** to press Ms. Timmons' claims after he should have ceased. Because filing a complaint cannot constitute continued efforts, Lockheed cannot recover fees incurred responding to the complaint. *See Steinert*, 440 F.3d at 1225. In this case, it would have been reasonable and responsible for Mr. Keiffer to dismiss Ms. Timmons' claims immediately after Lockheed filed its summary judgment motion on December 7, 2012. At that point, Mr. Keiffer was confronted with the legal and factual deficiencies afflicting both of Ms. Timmons' claims.

9

Instead of dismissing both claims, however, Mr. Keiffer responded to Lockheed's motion with factually and legally baseless arguments. Consequently, the Court awards the fees Lockheed incurred after that date. *See Rhein v. McCoy*, 2011 WL 4345872, at *5-6 (D. Colo. 2011) (unpublished) (plaintiff began multiplying proceedings unreasonably and vexatiously after defendant filed summary judgment motion).

In addition, the § 1927 fee award cannot exceed the amount Lockheed "reasonably incurred" because of Mr. Keiffer's sanctionable conduct. If the amount actually incurred by Lockheed was reasonable, the Court may award that amount. *See Hamilton*, 519 F.3d at 1207. Mr. Keiffer challenges only the number of hours Lockheed's counsel spent on the summary judgment motion and reply. (Doc. # 38 at 6.) After Lockheed filed its summary judgment motion on December 7, 2012, its counsel billed a total of $5,265.57 for time spent drafting (1) a reply, (2) a motion to strike Ms. Timmons' response, and (3) a reply to Ms. Timmons' amended response. (Doc. # 37-1 at 17-19.) That amount included 15.3 hours billed at a rate of $256.50 per hour by Lockheed's lawyer, Mr. Smith, and 9.5 hours billed at a rate of $141.17 per hour by paralegal Ms. Kernan. (*Id.* at 3.) These fees related to Mr. Keiffer's continued efforts to advance Ms. Timmons' baseless claims after he should have dismissed them. Having reviewed the affidavit submitted by Lockheed's counsel which describes the work completed, the Court concludes that the hourly rate and amount of time spent by Mr. Smith and Ms. Kernan were reasonable.

In addition, Lockheed seeks an award of $3,676.95 in fees incurred related to its first motion for fees and subsequent reply. (Doc. # 42 at 4.) Had Lockheed submitted documentation detailing the specific tasks performed to incur those fees, such an award

may have been appropriate.  *See Robinson v. Dean Foods Co.*, 2009 WL 1513099, at *3 (D. Colo. 2009) (unpublished) (fees incurred in preparing motion for sanctions were "necessitated by the unreasonable and vexatious multiplication of proceedings"). However, Lockheed failed to submit that documentation, leaving the Court unable to review the reasonableness of the billing rate and time spent that yielded $3,676.95 in fees.  Therefore, the Court will deny Lockheed's request for an award of the attorneys' fees incurred to recover the fees from the underlying litigation.  *See United States ex rel. Superior Steel Connectors Corp. v. RK Specialties Inc.*, 2012 WL 3264296, at *4 (D. Colo. 2012) (unpublished) (denying fee request where appropriate documentation was missing); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award *and* documenting the appropriate hours expended and hourly rates." (emphasis added)).

Finally, the Court denies Lockheed's request for the $812.70 that it incurred responding to the Court's October 3, 2013 Minute Order.  (*See* Doc. # 42 at 4.)  Upon considering Lockheed's first motion for attorneys' fees, the Court recognized that § 1927 was the most appropriate basis for awarding fees.  Upon affording Mr. Keiffer notice and an opportunity to respond, the Court could have awarded fees under § 1927 *sua sponte. See Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269, 1280 (10th Cir. 2005).  Instead, the Court directed the parties to develop the arguments more fully through simultaneous briefing, and doing so satisfied Mr. Keiffer's due process rights.  *See id.* at 1279 (Due process is satisfied by giving "notice that . . . sanctions are being considered by the court and a subsequent opportunity to respond.") The § 1927 arguments could have been developed and due process satisfied if

Lockheed had raised the issue in its initial motion for fees.  The cost Lockheed incurred for failing to do so cannot be imposed on Mr. Keiffer.

### III. **CONCLUSION**

For the reasons stated above, the Court DENIES Lockheed's request for attorneys' fees under the Court's inherent power (Doc. # 37) and GRANTS in part Lockheed's request for attorneys' fees under 28 U.S.C. § 1927.  (Doc. # 42)  Specifically, it is ORDERED that the attorney for Ms. Timmons, Jeffrey C. Keiffer, shall pay the sum of $5,265.57 to Lockheed to reimburse it for attorneys' fees incurred as a result of work performed by Mr. Smith and Ms. Kernan beginning December 18, 2012, and continuing through January 29, 2013.  This sanction is IMPOSED against the attorney for Ms. Timmons, Jeffrey C. Keiffer, who SHALL BE solely responsible for payment of the required attorneys' fees.  Mr. Keiffer shall have **until close of business on February 21, 2014,** to make arrangements satisfactory to Lockheed's counsel for payment of this sum.  Non-compliance may lead to further sanctions to be imposed by this Court.  *See, e.g.*, D.C.COLO.LAttyR 6, *available at* http://www.cod.uscourts.gov/Portals/0/Documents/LocalRules/2013-Working-Draft_FINAL_12-01-2013.pdf.  It is FURTHER ORDERED that all other requests by Lockheed for fees are DENIED.

DATED:  January  22 , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge